IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| BRENDA ARNOLD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 2:08cv1021-WC |
| | ) |
| WAL-MART STORES, Inc, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

**I.      INTRODUCTION**

This cause is before this Court on a Motion for Summary Judgment (Doc. #20), filed by Defendant Wal-Mart Stores, Inc. (Wal-Mart), on 16 September 2009. Plaintiff, Brenda Arnold (Arnold), originally filed her Complaint (Doc. #1) in the Circuit Court of Montgomery County, Alabama, alleging that Wal-Mart's negligent and wanton conduct caused her injury.

Arnold filed a Response (Doc. #22) to the Motion on 30 September 2009. On 5 October 2009, Wal-Mart filed an Amended Brief in Support of the Motion (Doc. #23) and on 6 October 2009, filed a Reply (Doc. #24). On 16 October 2009, Arnold filed a Response (Doc. #26) to the Amended Brief.

Pursuant to 28 U.S.C. § 636(c), both parties have consented to the conduct of all proceedings and entry of a final judgment by the undersigned United States Magistrate Judge. Pls.' Consent to Jurisdiction (Doc. #9);  Defs' Consent to Jurisdiction (Doc. #10).  For the

reasons discussed below, the Motion for Summary Judgment (Doc. #20) is DENIED in part and GRANTED in part.

## II.   JURISDICTION AND VENUE

Jurisdiction over this action is proper pursuant to 28 U.S.C. § 1332 (diversity) and 28 U.S.C. § 1441(a) (removal jurisdiction).

## III.   STANDARD OF REVIEW

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  "An issue of fact is 'genuine' if the record as a whole could lead a reasonable trier of fact to find for the nonmoving party.  An issue is 'material' if it might affect the outcome of the case under the governing law." *Redwing Carriers, Inc. v. Saraland Apartments*, 94 F.3d 1489, 1496 (11th Cir.1996) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

The party asking for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323 (quoting Rule 56(c)).  The movant can meet this burden by

presenting evidence showing there is no dispute of material fact, or by showing the non-moving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *Id*. at 322-23.

Once the moving party has met its burden, Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324. To avoid summary judgment, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). On the other hand, a court ruling on a motion for summary judgment must believe the evidence of the non-movant and must draw all justifiable inferences from the evidence in the non-moving party's favor. *Anderson*, 477 U.S. at 255. After the non-moving party has responded to the motion for summary judgment, the court must grant summary judgment if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c).

## IV. FACTS

The Court has carefully considered all deposition excerpts and documents submitted in support of the pleadings, and the statement of uncontested facts contained within the Amended Motion for Summary Judgment.[1] The submissions of the parties, viewed in the

---

[1] These facts are largely taken from the parties' statement of uncontested facts as set forth in the Amended Brief in Support of the Motion for Summary Judgment. *See* (Doc. #23) at 1-5.

light most favorable to the non-moving party, establish the following facts:

On November 4, 2007, between 11:00 a.m. and 12:00 noon, Arnold, age 42, and her husband went to the Montgomery, Alabama, Wal-Mart store at the Eastern bypass. Arnold was wearing contact lenses on the date of the incident, and her vision is completely corrected by her contacts. She had no trouble seeing as she walked about the store on the date of the incident. After entering the store through the Tire and Lube Center, Mr. and Mrs. Arnold walked toward the housewares department. The floor in the housewares department is an off-white vinyl tile. Arnold walked from the back of the store toward the front of the store, and turned right onto an aisle in housewares that goes from one side of the store to the other. She had not seen anything on the floor in the entire store as she walked towards the housewares department. Her husband never mentioned to her that he saw anything on the floor. The aisle on which the incident occurred is approximately 44 feet long and is wide enough so that two carts can pass each other. Arnold was not pushing a shopping cart and she had nothing in her hands when she turned right onto the housewares aisle where the incident occurred. Nothing was blocking her view when she entered the aisle.

When they turned onto the aisle where the incident occurred, Arnold's husband was approximately five feet in front of her. Mr. Arnold was walking on the right side of the aisle, and walked past water on the floor prior to the time Arnold slipped. As Arnold turned right onto the aisle, she did not look down at the floor.

As she turned onto the aisle in housewares, she did not see any customers or Wal-Mart

personnel on the aisle. There were no boxes or anything else on the aisle in the housewares department. Arnold walked approximately two thirds of the way down the aisle and did not look down at the floor. Arnold was approximately two feet from the shelf located to her left when her foot slipped and she fell on her back.

After the incident, Arnold saw a big puddle of water on the floor and her entire back, right side, legs, and the back of her hair were wet. As she sat on the floor, she saw approximately two liters of water to left side, which was in a puddle approximately three feet across. The puddle did not appear to have any black or dark color to it or contain any streaks. There were no places in the liquid that appeared as if other people had walked through the water or pushed a shopping cart through it. Arnold did not see any evidence that anyone had tracked through the liquid other than herself.

Arnold saw a bucket located to her left which was several inches away from the shelf. The bucket was approximately two and one half feet tall and it was dark, either navy blue or black. This type of bucket is sold in Wal-Mart stores. Arnold did not see a mop or any other type of cleaning supply with the bucket. Arnold denies that she saw the bucket or the water on the floor prior to the time she fell. Arnold believes her vision is good enough that she could have seen the bucket on the floor from a distance of 20 feet if she had looked at the floor. Arnold believes her vision is good enough that she could have seen a three-foot cloudy water spill from a distance of five feet had she looked down. If Arnold had looked down and seen the bucket and/or the water, she would not have gone down that aisle. Arnold would

have been more cautious about the way she was walking if she had seen the bucket or the water prior to the incident. Arnold knows that if she sees a bucket on the floor that there may be some liquid around it. Arnold believes that if she had looked at the floor at any point before she slipped, she would have stopped and gone around the spill and the bucket.

Arnold does not know whether there was any liquid in the bucket or not. Arnold does not know where the water on the floor came from, or how long it had been on the floor prior to the time she fell. Arnold has no information that the water or the bucket had been reported to Wal-Mart prior to the accident. Arnold has no information that anyone from Wal-Mart left a bucket on the floor, and knows that buckets are sold in the housewares department. None of the Wal-Mart employees who came to assist her after the accident said anything which led her to believe they knew there was water on the floor prior to the time she fell.

## V.   DISCUSSION

Wal-Mart moves for summary judgment of Arnold's negligence claim on the basis that "[t]here is no evidence that Wal-Mart had actual or constructive notice of any substance on the floor prior to the incident" and because "[a]ssuming the water caused the incident, it was an open and obvious hazard which should have been seen by the Plaintiff in the exercise of ordinary care for her own safety." Def.'s Brief (Doc. #23) at 7 & 9. Wal-Mart moves for summary judgment on Arnold's wantonness claim because of "the open and obvious nature of the object," and because "[t]he Plaintiff cannot present sufficient evidence to support a claim of wantonness against the Defendant." *Id*. at 15 & 16.

### A.     Negligence

#### 1.     Actual or Constructive Notice

Arnold, "as a patron of [Wal-Mart]'s, was an invitee on its premises at the time of the accident." *Hale v. Kroger Ltd. Partnership I*, 2009 WL 1887434, *4 (Ala. Civ. App. Jul. 2, 2009).

> A premises owner owes his invitees a duty to keep the premises in a reasonably safe condition and to warn them of any defects and dangers that are known to the landowner but are unknown or hidden to the invitee[s]. A premises owner, however, owes no duty to protect invitees from all conceivable dangers they might face while on the premises because [t]he owner of a premises ... is not an insurer of the safety of his invitees ... and the principle of res ipsa loquitur is not applicable. There is no presumption of negligence which arises from the mere fact of an injury to an invitee.
>
> Instead,[t]he entire basis of an invitor's liability rests upon his superior knowledge of the danger which causes the invitee's injuries. Therefore, if that superior knowledge is lacking, as when the danger is obvious, the invitor cannot be held liable.

*Id*. at *4-5 (quoting *Edwards v. Intergraph Servs. Co.*, 4 So. 3d 495, 503 (Ala. Civ. App. 2008)) (internal citations omitted).

Wal-Mart asserts it had no knowledge of the spill. In order to prevail at trial on a slip and fall case such as this, Arnold "must prove (1) that the substance slipped upon had been on the floor a sufficient length of time to impute constructive notice to [Wal-Mart]; or (2) that [Wal-Mart] had actual notice that the substance was on the floor; or (3) that [Wal-Mart] was delinquent in not discovering and removing the substance." *Maddox By and Through Maddox v. K-Mart Corp.*, 565 So. 2d 14, 16 (Ala. 1990). However, "[i]n the context of a

7

motion for a summary judgment, the movant has the burden of proving such facts as would negate an essential element in the nonmovant's claim or demonstrating that the nonmovant does not have sufficient evidence to support an essential element of his or her claim." *Hale*, 2009 WL 1887434 at *5 (citing *Ex parte General Motors*, 769 So. 2d 903, 909 (Ala.1999)). Thus, the burden is on Wal-Mart to either prove facts to negate an essential element of Arnold's claim, or otherwise demonstrate that Arnold does not have sufficient evidence to support her claim.

Wal-Mart argues that Arnold cannot provide sufficient evidence in support of her claim:

> There is no evidence before the Court to support a claim of actual or constructive notice. Neither the Plaintiff nor her husband know where the water came from, how it got to be on the floor, or how long it was on the floor. They have no belief Wal-Mart knew it was on the floor prior to the incident. Moreover, as the water was not dirty, and did not reflect any customer traffic, it clearly could not have been on the floor for any length of time. The Plaintiff has clearly failed to present any evidence, much less substantial evidence, that any substance was reported to Wal-Mart prior to the accident, that Wal-Mart was aware of any water on the floor, or that any water on the floor had been there a sufficient length of time to impute knowledge to Wal-Mart.

Def.'s Amended Brief (Doc. #23) at 8.

Arnold contends that Wal-Mart's knowledge of the water on the floor can be inferred from the bucket that was left on the floor near the puddle. Arnold argues the bucket suggests that Wal-Mart employees were cleaning the floor where Arnold fell and left the substance on the floor. Pl.'s Brief (Doc. #22) at 4. Arnold cannot survive summary judgment with mere speculation and conjecture. *Speer v. Pin Palace Bowling Alley*, 599 So. 2d 1140 (Ala.

1992). However, "substantial evidence" in order to "submit an issue of fact to the trier of facts,"[2] is "evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved." *Williams v. Bruno's Inc.*, 632 So. 2d 19, 21 (Ala. 1993). It is reasonable to infer that the bucket may have been used by Wal-Mart employees. "When the defendant or his employees have affirmatively created the dangerous condition, plaintiff need not introduce evidence that defendant had actual or constructive knowledge of the hazard. Under such circumstances, the courts presume notice." *Id.* at 22 (citations omitted). Therefore, summary judgment is inappropriate on the basis that Wal-Mart did not have notice.

### 2. *Open and Obvious*

Under Alabama law, if the liquid on the floor was "was an open and obvious danger that reasonably should have been observed by [Arnold], [Wal-Mart]'s common-law duty to warn [Arnold] of or to eliminate that hazard is negated as a matter of law." *Jones Food Co., Inc. v. Shipman*, 981 So. 2d 355, 362 (Ala. 2006). Wal-Mart argues Arnold's deposition testimony that: (1) she failed to look down at the floor while walking down the aisle; (2) the puddle was approximately three feet across and contained two liters of water; (3) a large bucket was near the water; and (4) she has good vision, indicate that the hazard was open and obvious and should have been observed by Arnold.

---

[2] Section 12-21-12, Ala. Code 1975.

First, the Court notes that the cases cited by Wal-Mart in support of this issue do not involve a determination that a liquid on a floor constitutes an open and obvious danger.[3] Second, there is nothing in the record to suggest that there was anything unusual about the substance on the floor that might have made it more visible.[4] Indeed, Wal-Mart argues in its first issue that it should not have been expected to have knowledge of the liquid because it was not so obvious.

"The test for determining whether a hazard is open and obvious is an objective one." *Dolgencorp, Inc. v. Taylor*, 2009 WL 1643347, *4 (Ala. 2009) (citations omitted). Wal-mart's "argument that the condition that caused [Arnold's] fall was open and obvious is an affirmative defense, for which it bears the ultimate burden of proof." *Id*. Further, "questions of contributory negligence, assumption of the risk, and whether the plaintiff should have been aware of the defect, are normally questions for the jury." *Williams*, 632 So. 2d at 22 (quoting *Bogue v. R & M Grocery*, 553 So. 2d 545, 547 (Ala. 1989).

---

[3] In the cases cited by Wal-Mart, courts found "open and obvious" dangers among a leaning ladder, a depression in a parking lot which contained a drain pipe, and a protruding footrest of a wheelchair.

[4] In the undisputed statement of facts, Wal-Mart agrees that: the floor in the housewares department is an off-white vinyl tile; the puddle did not appear to have any black or dark color to it or contain any streaks; and there were no places in the liquid that appeared as if other people had walked through the water or pushed a shopping cart through it. Def.'s Amended Brief (Doc. #23) at 5.

Wal-Mart's argument that if Arnold had exercised reasonable care she would have seen the liquid is unavailing. Arnold testified that she was not looking at the floor because she was looking at the shelves, searching for a roasting pan. *See* (Doc. #22) at 8.

> In *Williams v. Bruno's, Inc.*, 632 So.2d 19 (Ala.1993), a plaintiff was asked why he did not see strips on the floor of the store if he had been watching where he was going. The plaintiff testified that he was not looking at the floor, he was there to shop. *Id*. at 22. The Alabama Supreme Court concluded that one could reasonably infer from the testimony that the plaintiff was focusing his attention on the shelves, not that he was not looking where he was going. Id. The court, therefore, reversed the summary judgment which had been granted in favor of the defendants on the negligence claim. *Id*.

*Blizzard v. Food Giant Supermarkets, Inc*., 196 F. Supp. 2d 1202, 1208 (M.D. Ala. 2002). "Similarly, in this case, drawing all reasonable inferences in favor of the non-movant, the court must conclude that [Arnold's] testimony does not entitle [Wal-Mart] to summary judgment because she could have been watching where she was going, but simply was not looking at the floor." *Id*; *see also, Ryles v. Wal-Mart Stores East L.P.*, 2004 WL 3711972 (M.D. Ala. Dec. 16, 2004).

Accordingly, the court concludes that there are material issues with respect to the negligence claims which must be resolved by the trier of fact and cannot be determined as a matter of law. Summary judgment is, therefore, due to be denied as to Arnold's negligence claims.

### B.   *Wantonness*

Wantonness is "conduct which is carried on with a reckless or conscious disregard for the rights or safety of others." ALA. CODE § 6-11-20(b)(3) (1975). "'Wantonness' has been

11

defined by [the Alabama Supreme] Court as the conscious doing of some act or the omission of some duty, while knowing of the existing conditions and being conscious that, from doing or omitting to do an act, injury will likely or probably result." *Alfa Mut. Ins. Co. v. Roush*, 723 So. 2d 1250, 1256 (Ala. 1998). "In order to establish wantonness, the plaintiff must prove that the defendant caused harm by the conscious doing of some act or the conscious omission of some duty, while knowing of the existing conditions and being conscious that, from doing or omitting to do an act, injury would likely or probably result." *Ryles*, 2004 WL 3711972 at *5.

Arnold has not presented evidence that Wal-Mart had actual knowledge of the liquid on the floor. While it may be that they had constructive knowledge of the liquid, or should have known or discovered it, there is nothing in the record to suggest that they actually knew it was there and "consciously failed to act while aware that injury would likely or probably result." *Ryles*, 2004 WL 3711972 at *5.

While Arnold's assertions that the bucket left on the floor indicates that a recent clean-up by Wal-Mart employees may serve as an inference that creates a presumption of notice as to the issue of negligence, it falls short of the requirement of substantial evidence that Wal-Mart knew of the spill consciously failed to act. "While it is 'difficult to define the exact point at which the probability of harm is sufficient to support a jury's finding of wantonness, courts ... must attempt to discern that line in light of the fact that wantonness is

distinct from negligence.'" *Id.*; (quoting *Richards v. Michelin Tire Corp.*, 21 F.3d 1048, 1057 (11th Cir. 1994).

Absent any evidence in the record that Wal-Mart consciously acted to create an unsafe condition, the Court finds summary judgment appropriate with respect to the wantonness claim.

### VI.  CONCLUSION

For the foregoing reasons, it is ORDERED that Defendant's Motion for Summary Judgment (Doc. #20) is DENIED as to the negligence claims and GRANTED as to the claims of wantonness.

DONE this 10th day of December, 2009.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE